UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILFRIDO LUIS ROMERO GUAMAN, <br><br> Petitioner <br><br> v. <br><br> MATTHEW HLADIK, Area Port Director, Area Port of Portland, Maine, Office of Field Operations, U.S. Customs and Border Protection, *et al.*, <br><br> Respondents | No. 2:25-cv-623-LEW |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Wilfrido Luis Romero Guaman's Petition for Writ of Habeas Corpus (ECF No. 1) and Emergency Motion for Temporary Restraining Order Relief (ECF No. 3). Petitioner seeks release from immigration detention and an administrative bond hearing. Respondents oppose the Petition. For the following reasons, the Petition is conditionally granted, the limited injunction previously issued in the Order to Show Cause is lifted, and the Motion is dismissed as moot.

### BACKGROUND

Petitioner is a national of Ecuador who entered the United States without inspection in August of 2022. Petitioner settled in Massachusetts where he resides with his wife and child. On December 13, 2025, local law enforcement in Brunswick, Maine conducted a

traffic stop of Petitioner' vehicle and, based on information gathered in the stop and from U.S. Border Patrol, took Petitioner into custody and transferred him to the Calais border station. Petitioner claims a right to a bond hearing pending any removal proceedings.

In their Return and Response (ECF No. 7), Respondents indicate that Petitioner was previously "expelled" from the United States in July 2021 and has entered the United States once more without inspection. Customs and Border Protection have relocated Petitioner from the Calais station to the Fort Fairfield station. Respondents only opposition to the Petition is based on the administrative reckoning that all aliens taken into custody are subject to mandatory detention pending removal proceedings. Return and Response at 2 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5, 2025). In effect, without an order requiring the exercise of the Secretary's discretionary authority to conditionally release Petitioner under 28 U.S.C. § 1226(a), no hearing would be provided throughout the duration of removal proceedings for Petitioner.[1]

There is no evidence that Petitioner is a "criminal alien" for purposes of administrative detention considerations.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court. *See* 28 U.S.C. § 2241; *Demore v. Kim*, 538 U.S. 510, 516-17 (2003) (hearing habeas claim because it challenged

---

[1] The Attorney General's exercise of discretion under § 1226(a)(2) is not subject to judicial review, *id.* § 1226(e), but a refusal to exercise the discretion by not holding a hearing to evaluate a bond or conditional release request is. *Brito v. Garland*, 22 F.4th 240, 244 (1st Cir. 2021); *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *see also* 8 C.F.R. § 236.1(d)(1) (2025).

2

the "statutory framework that permits detention without bail" rather than an exercise of discretion by the Secretary); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021) (same, "cabin[ing] the discretion granted [to the Attorney General] through the constitutional restraints applicable to all government action," while preserving the Attorney General's ability to exercise discretion "within those limits"). The grant of habeas relief is proper where a petitioner demonstrates that his or her detention is in violation of the constitution or federal law. 28 U.S.C. § 2241. The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. am. V. The Fifth Amendment applies to aliens facing removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). In *Hernandez-Lara v. Lyons*, the First Circuit held that "due process requires the government to either (1) prove by clear and convincing evidence that [an alien] poses a danger to the community or (2) prove by the preponderance of the evidence that she poses a flight risk" in order to impose detention throughout the period of removal proceedings, including appeals. 10 F.4th 19, 41 (1st Cir. 2021). That conclusion rested on a *Mathews v. Eldridge* due process analysis for a non-criminal alien who unlawfully entered the United States without being processed at the border. *Id.* at 27-35.

The Immigration and Nationality Act "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2) [and] also

3

authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). As an alien who entered the United States without inspection at the border, Petitioner is not properly deemed to be "seeking admission" and his detention is, consequently, governed by 28 U.S.C. § 1226(a). *See, e.g.*, *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ---, 2025 WL 3687757, at *7 (D. Mass. Dec. 19, 2025). Relief is in order here because prolonged detention without a bond hearing is unlawful and will undoubtedly occur per *Matter of Yajure Hurtado* but for a court order.

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus and Motion for Injunctive Relief (ECF No. 1) are GRANTED. The limited, temporary injunction preventing relocation of Petitioner to a detention facility outside of Maine pending judicial review of the Petition is lifted. *See* Order to Show Cause (ECF No. 6). The Court ORDERS that the government release Petitioner unless he is provided a bond hearing that complies with the standards outlined in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), within 14 business days of the date of this order. Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 3) is DISMISSED AS MOOT.

SO ORDERED.

Dated this 22nd day of December, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge